**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**William Redman III,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0223** (Ohio County 14-C-4)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner William Redman III, by counsel John M. Jurco, appeals the order of the Circuit Court of Ohio County, entered on February 17, 2021, dismissing his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent of Mt. Olive Correctional Complex, appears by counsel Patrick Morrisey and Katherine M. Smith.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was the subject of several sexually-based complaints, including a 2006 conviction for gross sexual imposition against a nine-year-old boy and a 2008 charge for attempted sexual battery against a seventeen-year-old girl. In January 2013, petitioner was indicted on two counts of first-degree sexual assault, three counts of sexual abuse by a custodian, and one count of first-degree sexual abuse against a minor. Petitioner proceeded to trial on the charges. At the conclusion of the State's case-in-chief, petitioner moved for a judgment of acquittal, which was granted, in part, when the court dismissed one count of first-degree sexual assault and one count of sexual abuse by a custodian. The jury convicted petitioner on all four remaining counts.

1

Petitioner filed a direct appeal.[1] *State v. Redman*, No. 15-1039, 2017 WL 678854 (W. Va. Feb. 21, 2017) (memorandum decision). In considering petitioner's argument that the court erred in denying his motion for judgment of acquittal because "there was no evidence of penetration" this Court found no error:

> The circuit court properly considered the child's testimony that petitioner's hands went "into" her vaginal area. While the child gave conflicting statements on this point, she provided an explanation about those inconsistencies and told the jury that her trial testimony was the truth. We cannot, and will not, assess her credibility on a cold record. Petitioner presented those concerns to the jury, and it found the child's trial testimony to be credible.

*Id.* at * 7.

Regarding petitioner's insufficiency of the evidence claim, this Court also found no error, noting that "the jury was presented with petitioner's claims regarding the child's inconsistencies but found [the child's] trial testimony to be credible." *Id.* at *8. Thus, this Court affirmed petitioner's convictions and sentence.

Petitioner filed his first habeas petition in the Ohio County Circuit Court on January 25, 2018. In his first petition for habeas corpus relief, petitioner alleged ineffective assistance of trial counsel based upon counsel's

> failure to argue (1) that [the investigating officer's] grand jury testimony constituted willful and intentional fraud; (2) that it is impermissible for the State to present only one witness to the grand jury; (3) that petitioner had a brain aneurysm that rendered him unable to control his behavior toward the child [victim]; and (4) that the child [victim] testified as to prior bad acts, evidence of which was inadmissible pursuant to Rule 404(b) of the West Virginia Rules of Evidence.

The circuit court found that none of petitioner's claims had merit and denied the petition. Petitioner appealed the court's denial of his first habeas corpus petition to this Court. This Court

> [c]oncur[red] with the circuit court's finding that none of the issues petitioner argues that his trial attorney could and should have asserted have merit, and, therefore, it did not constitute ineffective assistance for petitioner's trial counsel not to raise those issues. Accordingly, we conclude that the circuit court properly denied petitioner's habeas petition without a hearing or appointment of counsel.

*William R. v. Ames*, No. 18-0385, 2019 WL 2499717, *6 (W. Va. June 17, 2019) (memorandum decision).

---

[1] In his direct appeal, petitioner argued that (1) the circuit court erred in denying his motion to dismiss the charges related to "penetration"; (2) the circuit court erred in denying his motion to strike a prospective juror for cause; (3) the circuit court erred in denying his motion for judgment of acquittal; and (4) insufficient evidence to support the verdict.

In March of 2020, petitioner initiated this second petition for habeas corpus relief in the Ohio County Circuit Court. After the court appointed petitioner counsel for this second habeas corpus petition, counsel filed an amended habeas corpus petition. In this second habeas corpus petition, petitioner raised the following grounds: (1) trial court committed error and petitioner received ineffective assistance of trial counsel concerning the jury instruction related to the sexual abuse by a custodian charge; (2) trial court committed error and petitioner received ineffective assistance of trial counsel for failure to instruct the jury on the lesser-included offense of sexual abuse in the first-degree; and (3) trial court committed error and petitioner received ineffective assistance of trial counsel for failure to provide a "care and caution" instruction. On July 20, 2020, petitioner filed a motion for appropriation of funds "to hire a legal expert attorney to review the file and testify at an evidentiary hearing as to whether or not defense trial counsel was ineffective."

On February 17, 2021, the circuit court denied petitioner's second request for habeas corpus relief and dismissed the petition without a hearing. The court found that "[p]etitioner's *Second Petition* does not set forth evidence supporting its new claims for habeas relief. Petitioner simply chooses four new theories of relief, each of which holds no merit; and thus, this Court does not find that any of the grounds creates probable cause of success on the merits." Additionally, the court found that "counsel is afforded significant latitude in making strategic decisions in representing a client." Additionally, citing the *Strickland/Miller* standard, the court found that "trial counsel was not ineffective, let alone so ineffective as to fall outside of the 'broad range of professionally competent assistance.'" Further, the court noted "[t]rial counsel's decision not to ask for a lesser included jury instruction on the crimes charged is one of strategy, not substance. Notwithstanding, the jury's ultimate decision finding petitioner guilty renders a lesser included jury instruction moot." Further, the court noted that

> [p]etitioner's argument that the jury instructions and statute upon which [p]etitioner was convicted were unconstitutional hold no merit as each one of the crimes charged are correctly derived from constitutionally appropriate criminal statutes set forth within the West Virginia Code. Hence, the West Virginia Supreme Court of Appeals affirmed the jury's conviction of [p]etitioner on appeal.

Petitioner now appeals arguing that the court erred in denying his second petition for habeas corpus relief. Further, he argues that the court erred in not ruling on his motion for appropriation of funds to hire an expert regarding his ineffective assistance of counsel claims.

As this matter is an appeal from the circuit court's order denying habeas relief, our standard of review is as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

3

Syl. Pt. 1, *Meadows v. Mutter*, 243 W. Va. 211, 842 S.E.2d 764 (2020).

"On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

In the second petition for habeas corpus relief, petitioner claims that the court erred and his counsel was ineffective when counsel failed to object to some of the jury instructions. Upon our review of the record, petitioner is not entitled to habeas corpus relief on the basis of any of these arguments.

A criminal defendant has the right to counsel, and "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449 n.14 (1970)); W. Va. Const. art. III, § 14 (providing that a criminal defendant is entitled to a jury trial and that "[i]n all such trials, the accused . . . shall have the assistance of counsel"). When an individual convicted of a crime alleges that he has received ineffective assistance of counsel, that claim is "to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Petitioner must satisfy both prongs of the *Strickland/Miller* test, to be entitled to relief. *See id.* However, "[i]n deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

In reviewing counsel's performance under this *Strickland/Miller* test,

courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of [petitioner's] counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as [petitioner's] counsel acted in the case at issue.

*Miller*, 194 W. Va. at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6, in part. Our scrutiny of counsel's performance is "highly deferential." *Id*. at 16, 459 S.E.2d at 127 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). "[T]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and judicial scrutiny of counsel's performance must be highly deferential[.]" *State ex rel. Daniel*, 195 W. Va. at 317, 465 S.E.2d at 419, Syl. Pt. 3, in part.

Upon our review of this matter, we agree with the findings and conclusions of the circuit court as to petitioner's claim that he received ineffective assistance of trial counsel. In this instance, the circuit court found that petitioner's trial counsel's actions fell within the significant latitude of strategic decision-making afforded under our law. Consequently, petitioner has not satisfied the first prong of the *Strickland/Miller* test. Thus, petitioner failed to show that he is entitled to the relief sought.

Inasmuch as the court found that petitioner's counsel was not ineffective, and we refused to disturb this ruling on appeal, petitioner's final assignment of error that the court erred in not ruling on his motion for appropriation of funds to hire an expert regarding the ineffective assistance of counsel claims is moot. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**NOT PARTICIPATING:**

Justice C. Haley Bunn